Dr. Janet F. Smith, President Rich Mountain Community College 1100 College Drive Mena, AR 71953
Dear Dr. Smith
I am writing in response to your request for an opinion concerning the qualification of certain Arkansas teacher retirement plans under "TAMRA," the federal Technical and Miscellaneous Revenue Act of 1988, codified in relevant part at26 U.S.C. § 401 et seq. (2006).[1] You state that Rich Mountain Community College (hereinafter "the College") provides its employees with three retirement plan options — the Arkansas Teacher Retirement System (ATRS), the Teachers Insurance and Annuity Association-College Retirement Equities Fund (TIAA-CREF), and the Arkansas Public Employees Retirement System (APERS). You further note that both TIAA-CREF and ATRS require employee contributions, whereas APERS only requires employer contributions.[2] Your specific question is as follows:
 It is our understanding that a retirement plan is a TAMRA plan when it requires an employee contribution as a condition of employment. The issue — Since APERS does not require an employee contribution and the employee has the option of enrolling in APERS, does that option negate the other two plans as TAMRA plans? — or — does the requirement for employee contribution as a condition of enrollment qualify them as a TAMRA plan?
As background for this question, you describe a particular instance involving possible excess contributions to the account of an employee who participates in TIAA-CREF. You state that the College sent a correction to TIAA-CREF for federal tax purposes and that the employee corrected his/her tax returns. You indicate that the College is concerned regarding correct and accurate employer payroll reporting for compliance with federal and state requirements and employee income reporting requirements.
You have asked the following additional question as a "side issue:"
 [C]an an organization provide different employee retirement plan options that have different employer contribution requirements? Example — ATRS has the ability of changing the employer contribution requirements and has. The State sets the APERS employer contribution rate, the Board of Trustees sets the TIAA-CREF employer contribution rate. The Board has chosen to set the TIAA-CREF (12.6%), a rounding of APERS (12.54%) — but neither are at the same rate as ATRS (14%).
RESPONSE
I must note with regard to your first question that this office has no particular expertise in matters of federal taxation, and that questions concerning the qualification of a retirement plan as a "TAMRA plan" are appropriately addressed to the federal Internal Revenue Service. Nor am I situated to counsel individuals on taxation matters, as I am forbidden to engage in the private practice of law. See A.C.A. § 25-16-701. Questions and concerns involving reporting requirements must be referred to local counsel and/or taxation authorities, including the Revenue Division of the Arkansas Department of Finance and Administration and the federal Internal Revenue Service.[3]
I will nevertheless note that I have found no authority for the proposition that the option of enrollment in APERS bears on your primary concern whether a participant in TIAA-CREF has exceeded applicable contribution limits for purposes of calculating federal or state income tax. According to my understanding, TIAA-CREF is a so-called "403(b) plan" under federal tax law.See 26 U.S.C. § 403(b). See also generally I.R.S. Publication 551, Tax-Sheltered Annuity Plans (403(b) Plans) (March, 2006).[4] It is a tax-sheltered annuity plan, known as a "defined contribution plan," under which participating employees may defer limited amounts of their compensation and not have to pay income taxes thereon until they receive the compensation so deferred.[5] As explained in I.R.S. Publication 551,supra, there is a limit on the amount that can be contributed to an individual's 403(b) account for any year. If contributions exceed the maximum limits established by federal tax legislation, the excess contributions can result in additional taxes and penalties. Id. See 26 U.S.C. §§ 403(b)(1) (general rule regarding taxability of beneficiary).
The determination whether there have been excess contributions to a particular 403(b) account appears to be unaffected by the mere fact that the account holder has the option to enroll in a retirement plan such as APERS, which is not a 403(b) plan.[6] I cannot opine further, however, regarding the specific tax considerations affecting TIAA-CREF. For further information, however, you may wish to contact the Internal Revenue Service Tax Exempt/Governmental Entity Cincinnati call site at 1-877-829-5500.
The answer to your second question regarding different employer contribution rates is "yes," in my opinion. The General Assembly has established different employer contribution requirements and has authorized different contribution rates for ATRS, APERS, and TIAA-CREF. See A.C.A. §§ 24-2-701 (Supp. 2005) (ATRS and APERS) and 24-7-808 (Supp. 2005) (TIAA-CREF, the "alternate retirement plan"). The contribution rates for the different plans therefore vary according to the applicable statutes. In my opinion, no principle of law requires that the rates be the same under the different plans. Like all statutes, these statutes are presumed constitutional and the burden of proving otherwise rests on the challenger. See generally McLane Southern, Inc. v. Davis, ___ Ark. ___, ___ S.W.3d ___ (Apr. 13, 2006); Bunch v. State, 344 Ark. 730, 43 S.W.3d 132 (2001). I see no basis for a constitutional challenge to the different employer contribution rates.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] TAMRA was enacted by Congress for the purpose of making "technical corrections relating to the Tax Reform Act of 1986 and for other purposes." See Pub.L 100-647, 102 Stat. 3342 (1988).
[2] Please note that an employee contribution plan was implemented under APERS beginning July 1, 2005, pursuant to A.C.A. § 24-4-108 (Supp. 2005).
[3] Our state law adopts sections of the federal Internal Revenue Code relating to, inter alia, annuities and employee benefit plans, for the purpose of computing Arkansas income tax liability. See A.C.A. § 26-51-414 (Supp. 2005). Accordingly, federal tax law will be controlling with respect to the concerns you have identified involving accurate employer and employee reporting.
[4] Rich Mountain Community College's participation in TIAA-CREF is authorized pursuant to A.C.A. § 24-7-801 et seq., relating to the establishment of an "alternative retirement plan," which is defined as:
 . . . a retirement plan based on the purchase of contracts providing retirement and death benefits for the employees of Arkansas State University, the department employees, and employees of Arkansas' state-supported universities, colleges, or junior colleges that are not a part of the University of Arkansas system[.]
Id. at — 801(1) (Supp. 2005).
[5] A "defined contribution plan" is defined under26 U.S.C. § 414(i) as "a plan which provides for an individual account for each participant and for benefits based solely on the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account."
[6] APERS is a plan commonly known as a "defined benefit plan," under which the employer promises to pay the employee, upon the occurrence of certain conditions, stated benefits based upon the length of the employee's service. See A.C.A. § 24-4-101 etseq.